Dear Mr. Lester,
The Attorney General has received your request for an official opinion asking, in effect:
 May the Council on Law Enforcement Education and Training pursuant to 70 O.S. 3311 (1984) grant two basic certificates to peace officers: one that certifies that the holder is trained and competent to serve in any peace officer capacity; and one that certifies that the individual is trained and competent to serve as a peace officer performing duties not inherently dangerous?
You indicate in your request that the Council on Law Enforcement Education and Training (CLEET), a state agency created by 70 O.S. 3311
(1984), currently issues one certificate indicating that the holder is trained and competent to serve in any peace officer capacity. Each candidate must successfully pass rigorous written and physical skills examinations developed by CLEET. You note that some candidates are able to successfully complete the written tests but are unable to pass the physical skills tests and are denied certification. Your inquiry is whether a second, more limited certificate may be issued by CLEET to those persons unable to successfully pass the physical skills tests required of current candidates.
CLEET was created by the Legislature and is vested with, inter alia, the responsibility of certifying that Oklahoma police or peace officers have satisfactorily completed the basic police course devised by CLEET.70 O.S. 3311(B)(2) — 70 O.S. 3311(D)(2) (1984). CLEET has broad authority in devising a training program. 70 O.S. 3311(B)(2) provides:
 "The Council on Law Enforcement Education and Training is hereby authorized and directed to:
* * *
 "2. promulgate rules and regulations with respect to such matters as certification, minimum courses of study, testing and test scores, attendance requirements, equipment and facilities, minimum qualifications for instructors, minimum standards for basic and advanced in-service courses, and seminars for Oklahoma police and peace officers.''
Implicit in this mandate is the expectation that any program developed by CLEET will adequately prepare each person to perform the functions and duties of a police or peace officer in Oklahoma.
CLEET's statute defines the terms police or peace officer in 70O.S. 3311(D)(5):
 "For purposes of this section [3311], a police or peace officer is defined as a full-time duly appointed or elected officer who is paid for working more than twenty-five (25) hours per week and whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, and enforce laws and ordinances of this state, or any political subdivision thereof[.]"
Other statutory definitions of these terms and the powers of such officers provide that each is empowered to carry a firearm in the performance of his or her duties. See, 21 O.S. 648 (1981) (police officer); 63 O.S. 2-501 (1981) (peace officer).
The fundamental rule of statutory construction is to ascertain, if possible, the intent of the Legislature from a plain reading of the statute. See, Udall v. Udall, 613 P.2d 742,745 (Okla. 1980). In applying this rule to the above statutes, it is apparent that CLEET, inter alia, is charged with the responsibility of developing and administering a basic training program for Oklahoma peace and police officers that will enable them to satisfactorily perform all of the above functions. CLEET's statute makes no provision for providing basic training for the performance of only some of these functions, and, as the Oklahoma Supreme Court has recognized, a state agency may exercise only those powers granted in its statute. Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980).
It is, therefore, the official opinion of the Attorney General that theCouncil on Law Enforcement Education and Training is not authorized by 70O.S. 3311 (1984) to grant two basic certificates to police or peaceofficers completing its basic police training program. The Council isauthorized to grant only one basic certificate which certifies that therecipient is capable of performing all of the functions or duties of anOklahoma peace or police officer, regardless of whether any specificfunction is inherently dangerous or not.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
GEORGE R. BARR, JR., ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, CIVIL DIVISION